IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| OLEG YAMALOV, an individual, | ) | CV. NO. 10-00590 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA | ) | |
| CORPORATION, a Delaware | ) | |
| Banking Corporation; BAC HOME | ) | |
| LOANS SERVICING LP formerly | ) | |
| known as COUNTRYWIDE BANK | ) | |
| FSB; ATD CONSULTANTS; | ) | |
| DEBORAH J. WILLIAMS; RYAN | ) | |
| McNALLY; and DOES 1–100, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING BOFA DEFENDANTS' MOTION TO DISMISS; (2)
GRANTING ATD DEFENDANTS' MOTION TO DISMISS; (3) GRANTING
ATD DEFENDANTS' MOTION FOR JOINDER; (4) DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIMS; AND (5) GRANTING
<u>PLAINTIFF LEAVE TO AMEND THE COMPLAINT</u>

On May 13, 2011, the Court heard Defendants Bank of America

Corporation ("BofA"), BAC Home Loans ("BAC") and Ryan McNally

("McNally") (collectively, "BofA Defendants")'s Motion to Dismiss Complaint

Filed on October 8, 2010 (Doc. # 23), Defendants ATD Consultants ("ATD") and

Deborah J. Williams ("Williams") (collectively, "ATD Defendants")'s Motion for

Joinder (Doc. # 31), and ATD Defendants' Motion to Dismiss Complaint Filed on

October 8, 2010, or in the Alternative, Motion for Summary Judgment (Doc. # 34).

James Fosbinder, Esq., appeared at the hearing on behalf of Plaintiff; Patricia J.

McHenry, Esq., appeared at the hearing on behalf of BofA Defendants; and Gail

Kang, Esq., appeared at the hearing on behalf of ATD Defendants.  After

reviewing the supporting and opposing memoranda, the Court GRANTS BofA

Defendants' Motion to Dismiss (Doc. # 23), GRANTS ATD Defendants' Motion

for Joinder (Doc. # 31), and GRANTS ATD Defendants' Motion to Dismiss (Doc.

# 34).  The Court declines to assert supplemental jurisdiction over Plaintiff's state

law claims and thus DISMISSES WITHOUT PREJUDICE Plaintiff's state law

claims.  The Court additionally GRANTS Plaintiff leave to amend his Complaint.

<u>BACKGROUND</u>

On October 8, 2010, Plaintiff Oleg Yamalov ("Plaintiff") filed a

Complaint against Defendants BofA; BAC formerly known as Countrywide Bank

FSB ("Countrywide")[1]; ATD; Williams; McNally; and Does 1–100[2]; (collectively,

---

[1] BofA Defendants argue that Plaintiff fails to state a claim against BofA, and that Plaintiff has "sue[d] BofA on the mistaken premise that, as the ultimate parent of Countrywide, it is liable for the conduct of its subsidiaries."  (Mot., Doc. # 23 at 7.)  Plaintiff responds that BofA is a successor by merger to Countrywide and is vicariously liable for its bad acts.  (Opp'n ¶¶ 25–32.)  If Plaintiff chooses to amend his Complaint, the Court instructs Plaintiff to correct any deficiencies in naming defendants, both in the caption and body of any amended complaint by

"Defendants") alleging that Plaintiff had been lured into a predatory mortgage

loan.[3] ("Compl.," Doc # 1.)  Specifically, Plaintiff's Complaint alleges nineteen

pleading specific causes of action against the proper defendants, and alleging facts only relating to those causes of action and those defendants.

[2] In Plaintiff's Opposition, he asserts a series of claims and conduct attributable to Mortgage Electronic Registration Systems ("MERS"), who was not named as a defendant in the complaint.  (Opp'n ¶¶ 11–24.)  The allegations made against MERS in Plaintiff's Opposition appear there for the first time and were not found anywhere in the Complaint.  Because the Complaint, even liberally construed, does not raise any of these claims, MERS is disregarded as a defendant for purposes of ruling on the instant Motion to Dismiss.

[3] Plaintiff claims that this Court has jurisdiction over the instant matter under "15 USC 1601 et seq., 15 USC 1635, 15 USC 1640, Title 12, and Regulation Z, Part 226 et seq., Title 24 CFR, Regulation X, part 3500 plus the diversity of the parties."  The causes of action pled by Plaintiff invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, because the Complaint states at least one cause of action arising under the laws of the United States.  However, Plaintiff incorrectly invokes diversity jurisdiction in the instant matter; diversity jurisdiction does not exist here because at least one Defendant is a citizen of the same state as Plaintiff. 28 U.S.C. § 1332(a).  "[T]he federal diversity jurisdiction statute requires complete diversity between parties - there must be diversity of citizenship between every plaintiff and every defendant."  Arai v. Tachibana, 778 F. Supp. 1535, 1538 (D. Haw. 1991).  Specifically, the Secretary of State, State of Hawaii's Business Registration Division records indicate that ATD Consultants is incorporated in the State of Hawaii.  Pursuant to 18 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ."  Thus, ATD is a citizen of Hawaii.  Plaintiff is also a citizen of Hawaii, as he is a naturalized United States citizen and a resident of the state of Hawaii.  (Compl. ¶ 1, 11.)  For purposes of diversity jurisdiction, an individual is considered a citizen of a state if (1) he is a citizen of the United States or a lawful permanent resident and (2) that state is his state of domicile. 28 U.S.C. § 1332(a); see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.2001).  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  Kanter, 265 F.3d at 857 (citation omitted).  As Plaintiff and ATD are both

causes of action: (Count 1) Declaratory Relief (Compl. ¶¶ 66–76); (Count 2)

Violation of TILA, 15 U.S.C. § 1601, et. seq. (id. ¶¶ 77–84); (Count 3) Violation

of Real Estate Settlement and Procedures Act ("RESPA") (id. ¶¶ 85–92); (Count 4)

Rescission (id. ¶¶ 93–97); (Count 5) Respondeat Superior Liability (id. ¶¶

98–102); (Count 6) Negligent or Wanton Hiring, Training or Retention (id. ¶¶

103–106); (Count 6)[4] Fraud (id. ¶¶ 107–114); (Count 7) Unfair and Deceptive Acts

and Practices – HRS sec. 480-2 (id. ¶¶ 115–121); (Count 8) Breach of Fiduciary

Duty (id. ¶¶ 122–129); (Count 9) Unconscionability – UCC-2-302 (id. ¶¶

130–133); (Count 10) Predatory Lending (id. ¶¶ 134–142); (Count 11) Negligent

Misrepresentation (id. ¶¶ 143–148); (Count 12) Civil Conspiracy (id. ¶¶ 149–152);

(Count 13) Improper Restrictions as a Result of Securitization (id. ¶¶ 153–158);

---

citizens of Hawaii, complete diversity fails to exist between Plaintiff and
Defendants.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553
(2005) ("[Section] 1332 ... requir[es] complete diversity: In a case with multiple
plaintiffs and multiple defendants, the presence in the action of a single plaintiff
from the same State as a single defendant deprives the district court of original
diversity jurisdiction over the entire action.").  Thus, Plaintiff's Complaint may not
be brought under diversity jurisdiction, but is proper in this Court under federal
question jurisdiction.

[4] Plaintiff's Complaint inadvertently labeled two causes of action as the
"Sixth Cause of Action", therefore the remainder of the counts are mislabeled (i.e.
the count alleging Fraud should be Count Seven, the count alleging Unfair or
Deceptive Acts and Practices should be Count Eight, and so on).  See (Compl. at
7.)  For purposes of this Order, the Court will refer to Plaintiff's causes of action in
the numerical order presented in the Complaint, so as to avoid confusion.

(Count 14) Wrongful Conversion of Note (id. ¶¶ 159–164); (Count 15) The Note and Mortgage are Unenforceable Because the Mortgagor Never Consented to the Securitization (id. ¶¶ 165–168); (Count 16) The Restrictions Imposed upon the Modification of the Mortgage are a Clog upon the Equity of Redemption (id. ¶¶ 169–171); (Count 17) Quiet Title (id. ¶¶ 172–175); and (Count 18) The Unenforceability of the Note and Mortgage Require the Court to Declare a Constructive Trust or Mortgage Trust (id. ¶¶ 176–180).

Plaintiff entered into a loan repayment and security agreement on or about November 9, 2007.  (Id. ¶ 3.)  He executed a note in the amount of $198,000.00 which required him to repay the loan to Countrywide, the original lender.  (Id.)  The real property at issue in this loan transaction is located at 212 Hakui Place, Lahaina, HI 96761 (the "Subject Property").  (Id. ¶ 2.)

Plaintiff claims that in 2005, he finished construction on his home, the Subject Property, at a cost of approximately two million dollars, with no liens, free and clear.  (Id. ¶ 11.)  Plaintiff contends that after several years of solicitation by Countrywide and McNally, he was convinced to refinance with a loan program that would take two million dollars out of the equity of the Subject Property.  (Id. ¶ 14.)  According to Plaintiff, he was told that he could easily refinance the loan before the fixed five-year term ended, and that at no time did McNally explain to Plaintiff

the inherent volatility of the loan product, specifically, that when the note was fully amortizing in ten years it would then be payable in only the twenty years remaining. (Id. ¶ 15.)

Plaintiff makes several allegations as to the circumstances around which he entered into the instant loan. First, he contends that after being promised that there would be no orientation fee, Defendants presented him with utilized closing costs and fees of over $25,000.00. (Id. ¶ 19.) Additionally, Plaintiff argues that he was given a loan that was not appropriate for him because it was "more expensive in terms of fees, charges and/or interest rates than alternative financing for which Plaintiff could have qualified or already had." (Id.) Specifically, Plaintiff alleges that Countrywide and McNally failed to properly veryify whether Plaintiff had enough income, reserves and credit history to support the loan program offered, and when he expressed concern about whether he could qualify for the loan based upon the income reported on his tax returns, he was told by McNally that Countrywide had a program that did not require him to produce tax returns or any other proof of income and that his assets would be enough. (Id. ¶ 24.) Plaintiff claims that when he reviewed his application, he was surprised to see that his income had been grossly overstated by McNally as $32,000.00 per month. (Id. ¶ 33.)

Plaintiff also contends that, with the knowledge of Plaintiff's real income, Countrywide and McNally failed to properly underwrite the loan, which violated their fiduciary duty and placed Plaintiff in a predatory loan. (<u>Id.</u> ¶ 25.) Plaintiff also contends that the appraisal of the Subject Property done by Williams and ATD Consultants was allegedly inflated and used incorrect data. (<u>Id.</u> ¶ 26.)

Additionally, Plaintiff indicates that he was traveling at the time the loan was closing, and that at several junctures, felt that closing the loan while he was traveling made the transaction rushed and difficult. (<u>Id.</u> ¶ 36.) Plaintiff claims to have tried to cancel the loan from going forward but that McNally argued that it would be very difficult to get another loan like that one. (<u>Id.</u>) Plaintiff also states that while he was traveling out of the country, around the time the loan documents were created, he realized he had not received an applicable three-day right of rescission disclosure and only one Right to Cancel instead of two as required by statute. (<u>Id.</u> ¶ 46.)

Finally, Plaintiff argues that Defendants' liability for their role in the fraudulent and deceptive loan program provided to him continues to exist for Defendants BAC and/or BofA as a successor in interest to Countrywide and that any original violations flow to them as well. (<u>Id.</u> ¶ 30.) Overall, Plaintiff contends that "[a]s a result of the negligence, omissions, violations,

misrepresentations and breaches of duties committed by the Defendants in marketing, underwriting, assigning, securitizing and servicing [] the loan as described ," Plaintiff seeks rescission of the loan documents, damages, and attorney's fees and costs. (Id. ¶ 54.)

On February 16, 2011, BofA Defendants filed a Motion to Dismiss Complaint Filed on October 8, 2010 ("Motion 1"). ("MTD 1," Doc. # 23.) On February 22, 2011, ATD Defendants filed a Motion for Joinder regarding Motion 1 ("Motion for Joinder"). ("Mot. for Joinder," Doc. # 31.) On March 25, 2011, the ATD Defendants also filed a Motion to Dismiss Complaint Filed on October 8, 2010, or in the Alternative, Motion for Summary Judgment. ("Motion 2"). ("MTD 2," Doc. # 34.) The ATD Defendants also filed a supporting concise statement of facts on that same day. (Doc. # 35.) On April 13, 2011, Plaintiff filed a Memorandum in Opposition to Motion 1 and Motion 2 ("Opposition"). (Opp'n, Doc. # 39.) On April 18, 2011, ATD Defendants filed a Reply in Support of Motion 2 (Doc. # 40), and BofA Defendants filed a Reply in Support of Motion 1 (Doc. # 41).

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a

formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. <u>See</u> <u>Twombly</u>, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. <u>Id.</u> at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Id.</u> at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be ranted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

<u>DISCUSSION</u>

For the reasons set forth below, the Court grants BofA Defendants' Motion to Dismiss, grants ATD Defendants' Motion for Joinder, and grants ATD

Defendants' Motion to Dismiss. The Court declines to assert supplemental jurisdiction over Plaintiff's state law claims and thus dismisses without prejudice Plaintiff's state law claims. The Court additionally grants Plaintiff leave to amend his Complaint.

I.      Count 2: Violation of TILA, 15 U.S.C. § 1601, et. seq.

        Count 2 of Plaintiff's Complaint alleges that Defendants violated the Truth in Lending Act ("TILA"), "by failing to provide Plaintiff with accurate material disclosures, including the finance charge and APR of the loan, rights of rescission, required under TILA, including but not limited to a Good Faith Estimate, prior to the closing of the loan . . . ." (Compl. ¶ 79.) Plaintiff asserts civil liability for the purported TILA violations.[5] BofA Defendants contend that Plaintiff's claim for TILA damages is barred by the statute of limitations and that equitable tolling does not apply. (MTD 1 at 21–25.) In Plaintiff's Opposition, he does not dispute any of BofA Defendants' arguments but instead "believes that he has valid and just claims that can and should be permitted to stand, either as they are or subsequent to amendment, [and] Plaintiff elects to submit on the pleadings

[5] Plaintiff also seeks equitable restitution, disgorgement of profits, and punitive damages based on Defendants' alleged TILA violations. (Compl. ¶ 83–84.) Such remedies are not available under TILA, and thus the Court only considers Plaintiff's claim for statutory damages.

as to those causes of action."  (Opp'n ¶ 37.)

TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.  Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, Plaintiff entered into the loan transaction on November 9, 2007, and initiated the present lawsuit on October 8, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action.  Therefore, Plaintiff's' claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable tolling applies.  In this case, Plaintiff asserts that "[a]ny and all statute(s) of limitations relating to disclosures and notices required pursuant to 15 U.S.C. § 1601, et. seq. were tolled due to Defendants' failure to effectively

provide the required disclosures and notices." (Compl. ¶ 80.) This allegation, however, is entirely conclusory and fails to demonstrate how not receiving the required disclosures and notices prevented him from discovering the alleged TILA violations within the statutory period. Although elsewhere in the Complaint Plaintiff provides examples of specific instances of Defendants' alleged deceptive acts (id. ¶ 115–121) and fraud (id. ¶ 107–114), Plaintiff offers no explanation for why he was unable to discover the TILA violations within the one-year statutory period. These facts without more are insufficient for Plaintiff to invoke the doctrine of equitable tolling. As such, Plaintiff's claim for damages pursuant to TILA is barred by the statute of limitations.

Accordingly, the Court GRANTS the Motions to Dismiss as to Plaintiff's' TILA damages claim.

## II.  Count 3: Real Estate Settlement Procedures Act Violations

Count 3 of the Complaint alleges that Defendants violated RESPA by "fail[ing] to disclose all affiliated business arrangements, including an Agency relationship between Countrywide, its affiliate Landsafe Appraisal Services, Inc. . . . and McNally . . . fail[ing] to provide an accurate HUD-1 at closing," and "because the payments to the mortgage broker and to the lender were misleading and designed to create a financial windfall to themselves, most notably charging

the a [sic] Yield Spread Premium." (Compl. ¶¶ 88–90.) BofA Defendants assert that RESPA does not create a private cause of action for the alleged violations claimed by Plaintiff. (MTD at 10.) Plaintiff again does not dispute BofA Defendants' claims but submits his arguments to the Court based on his pleadings. (Opp'n ¶ 37.)

First, the failure to provide a HUD-1 statement at the time of closing is not a viable private cause of action under RESPA. See Martinez v. Wells Fargo Home Mortg., Inc., 589 F.3d 549, 557–58 (9th Cir. 2010) (refusing to allow a private cause of action under RESPA, 12 U.S.C. § 2603, in connection with allegations that HUD-1 settlement statements were not accurately disclosed). Thus, the Court dismisses Plaintiff's claim that Defendants failed to provide an accurate HUD-1 at closing.

Second, Plaintiff's claims that Defendants failed to make certain disclosures regarding affiliated business arrangements and charged excessive closing costs are barred by the applicable statute of limitations. RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year statute of limitations for violations of Section 2605).

While Plaintiff fails to specify under which section of the statute his alleged RESPA claims arise, it appears that he is alleging violations of 12 U.S.C. § 2607.[6]  (See Compl. ¶ 88–90.)  Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than one year before Plaintiff filed the instant action, his claim is barred by the statute of limitations.  As discussed above, Plaintiff is not entitled to equitable tolling because he has failed to allege sufficient grounds showing why he could not bring suit within the limitations period.

Accordingly, the Court GRANTS the Motions to Dismiss as to Plaintiff's RESPA claims.

III.    Count 4: Rescission

Count 4 of the Complaint alleges that Plaintiff is entitled to rescind his loan under violations of TILA, RESPA, fraudulent concealment, and under public policy grounds.  (Compl. ¶ 94.)  However, rescission is a remedy and not an independent cause of action, thus there must be grounds on which to support an award of rescission.  See Bischoff v. Cook, 185 P. 3d 902, 911 (Haw. App. 2008).

For the reasons stated below, Plaintiff is not entitled to rescission under TILA, 15 U.S.C. § 1635.  Plaintiff's claim for rescission under RESPA fails

_____

[6] Specifically, 12 U.S.C. § 2607(c)(4) requires disclosure of affiliated business arrangements to be made.

as well, because rescission is not a form of relief offered by the statute.  <u>See</u> 12 U.S.C. § 2601–2617.  Additionally, as stated above, Plaintiff's claims under RESPA fail, thus any derivative claim fails as well.

15 U.S.C. § 1635(a), TILA's so-called buyer's remorse provision, gives borrowers three business days to rescind the loan agreement without penalty. 15 U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the loan must be a consumer loan using the borrower's principal dwelling as security.  15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); <u>see also</u> <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986).  A borrower's right to rescind extends for three years if a lender fails to disclose the right to rescind or fails to make any other "material disclosure."  12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule).

Here, Plaintiff consummated the loan on November 16, 2007, and

initiated this action on October 8, 2010. Plaintiff's request for rescission is therefore time-barred unless he can demonstrate that the extended three-year limitations period applies. Count 2 of Plaintiff's Complaint, which sets forth the alleged TILA violations, represents that Defendants failed to provide: (1) the finance charge; (2) the annual percentage rate of the loan; (3) rights of rescission required under TILA; and (4) a Good Faith Estimate. (Compl. ¶ 79.)

These allegations are insufficient to show that Plaintiff is entitled to the extended three-year limitations period for his TILA rescission claim. First, BofA Defendants correctly argue that good faith estimates are not among the 'material disclosures' referenced in 12 C.F.R. § 226.23 n. 48. (Mot. at 26–27.) Section 226.23 of Regulation Z lays out the right of rescission under TILA. Specifically, the statute states that, [i]f the required notice or material disclosures are not delivered, the right to rescind shall expire three years after consummation," with "material disclosures" defined in footnote 48 as, "the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." 12 C.F.R. § 226.23. Thus, Defendants' alleged failure to provide Plaintiff with a good faith estimate would not trigger an extension of the three-day rescission period under TILA.

Additionally, BofA Defendants contend that the alleged failed disclosures were actually provided to Plaintiff in a Truth in Lending Disclosure Statement and a Notice of Right to Cancel. (MTD at 26.) Specifically, the annual percentage rate, finance charge, and right of rescission were included in the aforementioned documents. (Id.) These documents are provided to the Court in Exhibit E of BofA Defendants' Motion. (See Mot 1. at Ex. E.) Here, the Court takes judicial notice of these documents and as such, agrees with BofA Defendants that the relevant disclosures are contained within those documents.[7] Thus, the Court cannot conclude that Plaintiff is entitled to the extended three-year limitations period for his TILA rescission claim.

Plaintiff also suggests generally that Defendants failed to provide

_____

[7]When a defendant attaches exhibits to a motion to dismiss, the court ordinarily must convert the motion into a summary judgment motion so that the plaintiff has an opportunity to respond. Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). However, a court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). In the instant case, Plaintiff's Complaint relies on this notice and disclosure, or the lack thereof, and Plaintiff has not opposed BofA Defendants' inclusion of the documents or the authenticity of the documents. Accordingly, the Court takes judicial notice of the documents in making its determinations on the instant Motions.

various "disclosures and notices," and had "flawed underwriting standards,"

"knowledge that Plaintiff was unqualified for the loan program," and "lack of

diligence and collusion." (Compl. ¶¶ 80, 95.) These allegations, lacking any

degree of specificity, are insufficient to put Defendants on notice of the disclosures

that allegedly were not provided. In the absence of this information, the Court

cannot conclude that Plaintiff is entitled to the extended three-year limitations

period for his TILA rescission claim.

Accordingly, the Court GRANTS the Motions to Dismiss as to

Plaintiff's TILA rescission and RESPA rescission claims.

IV.    State Law Claims

Plaintiff's remaining grounds for relief are all state law claims.

Pleading state law claims does not confer jurisdiction on this Court. The Court

may exercise supplemental jurisdiction over the state claims only after Plaintiff has

established federal jurisdiction by properly pleading his federal claims. Because

the Court has granted BofA Defendants' Motion to Dismiss as to Plaintiff's TILA

and RESPA claims, the Court declines to reach Plaintiff's state law claims.

Accordingly, the Court DISMISSES Plaintiff's state law claims as well.

V.    Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a

claim if provided the opportunity to amend his Complaint.  Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE as against all Defendants in this action with leave to amend the Complaint no later than 30 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.

Plaintiff is advised that the amended complaint must clearly state how each of the named defendants have injured him, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS BofA Defendants' Motion to Dismiss (Doc. # 23), GRANTS ATD Defendants' Motion for Joinder (Doc. # 31), and GRANTS ATD Defendants' Motion to Dismiss (Doc. # 34).  The Court declines to assert supplemental jurisdiction over Plaintiff's state law claims and thus DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims.  The Court additionally GRANTS Plaintiff leave to amend his Complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 16, 2011.

 

_____
David Alan Ezra
United States District Judge


Yamalov v. Bank of America Corporation et al., Cv. No. 10-00506 DAE-BMK;
ORDER: (1) GRANTING BOFA DEFENDANTS' MOTION TO DISMISS; (2)
GRANTING ATD DEFENDANTS' MOTION TO DISMISS; (3) GRANTING
ATD DEFENDANTS' MOTION FOR JOINDER; (4) DISMISSING WITHOUT
PREJUDICE PLAINTIFF'S STATE LAW CLAIMS; AND (5) GRANTING
PLAINTIFF LEAVE TO AMEND THE COMPLAINT